

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| FREDDIE MAE FALLEN, | ) | CASE NO. 4:05CV00051 |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) | By: B. Waugh Crigler U. S. Magistrate Judge |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's January 14, 2003 application for a supplemental security income benefits under the Social Security Act (Act), as amended, 42 U.S.C.§§ 1381 *et seq.*, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render a report to the presiding District Judge setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will recommend that an order enter AFFIRMING the Commissioner's final decision, GRANTING the defendant's motion for summary judgment and DISMISSING this action from the docket of the court.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff, who was 51 years old at the time with a ninth grade education, and with past relevant work as a cook and housekeeper, alleged a disability onset of October 20, 2002 due to colon surgery and diabetes. (R. 22.) The Law Judge found that plaintiff suffered gastritis/duodenitis, status post cholectomy, a history of ventral hernia repair and diet controlled diabetes mellitus, which were severe impairments, though not

severe enough to meet or equal a listed impairment. (R. 24, 27.) He also found that plaintiff's claimed depression did not establish more than mild limitations on her functional capacity, and that such impairment was not "severe" under the applicable regulations. 20 C.F.R. §§ 416.920-921; *Evans v. Heckler*, 734 F. 2d 1012 (4th Cir. 1984); (R. 24.) The Law Judge also found that plaintiff's statements about her impairments and their limitations were not entirely credible, and, based on evidence concerning her functional capacity offered both by State Agency record consultants and plaintiff's own treating physician, she possessed the ability to perform light work which did not involve lifting more than twenty pounds occasionally and more than ten pounds frequently. (R. 25-26, 28.) Considering plaintiff's work history as described by her in forms submitted in support of her claim, the evidence of a vocational expert (VE) and references to the Dictionary of Occupational Titles (DOT), the Law Judge determined that plaintiff's past relevant work as a cook did not require the performance of duties beyond her functional capacity to perform light work. (R. 26-27, 28.)[1] He concluded that plaintiff was able to perform her past relevant work and, thus, not disabled at the fourth level of the sequential analysis. (R. 27-28.)

The Appeals Council determined there was no basis in the record to review or change the Law Judge's decision, and it denied review. (R. 4-6.) Thus, the Council adopted the Law Judge's decision as a final decision of the Commissioner, and this action ensued.

Plaintiff seeks summary judgment, and there are two points raised in support thereof. First, plaintiff offers that the Law Judge "irrationally disregarded" the evidence and opinions of plaintiff's treating physician, Hisman. H. Percival, M.D. (Pl's Memorandum at 16.) In this connection, plaintiff offers that Dr. Percival opined that she would not be able to work

---

[1] The Law Judge noted that while the VE classified plaintiff's past relevant work as a cook as light-to-medium, the DOT classified it as light. (R. 27.)

2

without often needing unscheduled bathroom breaks and that her attention and concentration in the workplace would be impacted by her stomach pain. Plaintiff's believes the Law Judge improperly dismissed the importance of this evidence when he found that simply because she does not fill her prescriptions for Lomotil, she has no problem with erratic bowel movements. This, she believes is not rational and constitutes reversible error.

Second, plaintiff contends that the Law Judge improperly disregarded the uncontroverted evidence of the VE that her past relevant work as a cook actually requires lifting which the DOT failed to acknowledge. (Pl's Memorandum at 18.) In addition, plaintiff contends that the VE expressed uncertainty about whether she could sustain a 40 hour work week. (*Id.*; see also R. 278.)

The Commissioner believes the Law Judge's determinations that plaintiff could perform light work, and that those duties were encompassed by her past relevant work as a cook, are supported by the substantial evidence. (Def.'s Memorandum at 7-14.) Specifically, the Commissioner argues her determination of plaintiff's residual functional capacity (RFC) is consistent with the objective medical evidence. She points out that the treating evidence indicated that plaintiff could resume normal activity if she used the prescribed Lomotil, a diarrhea medication, and that she was "doing well." (Def.'s Memorandum at 8; see also R. 231.) Contrary to plaintiff's position that the Law Judge ignored the treating doctor's information, the Commissioner offers that he actually acknowledged it and accepted those portions of the information which were consistent with the objective medical evidence.

Addressing plaintiff's arguments that the Law Judge's RFC should have acknowledged additional limitations relating to her ability to concentrate and the need for bathroom breaks, the Commissioner contends that the Law Judge weighed the objective medical

3

evidence, including that of plaintiff's treating doctor, and made a decision, which is committed to the Commissioner under the regulations, which is supported by the substantial evidence in the record. In particular, the Commissioner relies on the continuous improvement plaintiff experienced after her surgery, the notation by her treating doctor that she could resume normal activity, her failure to report to medical personnel any problems with concentration, her denial of any symptoms apart from occasional diarrhea, her failure to refill prescriptions to treat the condition and the absence of treatment notes for most of 2003. (Def.'s Memorandum at 8-11.) She further points out that the regulations permit the Law Judge and the Commissioner to consider whether a claimant possesses the capacity to perform specific past relevant work as it was performed by the claimant or as it is generally performed in the national economy. 20 C.F.R. § 416.945 and 960(b)(2); SSR 82-61; SSR 82-62. The Commissioner is of the view that while the VE appeared equivocal, she was entitled to rely on plaintiff's continued improvement, the absence of evidence in the medical record and the fact she did not refill her diarrhea medication to discredit her assertion that she needed to use the restroom six or seven times per day. Moreover, the Commissioner points to plaintiff's admission in her testimony that she could frequently lift more than 10 pounds as a basis upon which the Law Judge found she had the functional capacity for light work. (Def.'s Memorandum at 12-13.)

The Commissioner regulatorily is granted some latitude in resolving inconsistencies in evidence and the court reviews the Law Judge's factual determinations only for clear error. 20 C.F.R. §§ 404.1527 and 416.927; *see Estep v. Richardson*, 459 F.2d 1015, 1017 (4th Cir. 1972). If the Law Judge's resolution of the conflicts in the evidence is supported by substantial evidence, then the Commissioner's final decision must be affirmed. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). However, whether substantial evidence supports

4

the Commissioner's decision and whether the correct legal standards were applied are questions of law. *See* 42 U.S.C.A. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

With this in mind, a Law Judge may not reject a claimant's statements about the intensity of subjective symptoms, such as pain, "solely because the available objective medical evidence does not substantiate [plaintiff's] statements." 20 C.F.R.§§ 404.1529(c)(2) and 416.929(c)(2). No objective evidence of the symptom itself is required, but objective medical evidence must exist of a medically determinable impairment which could reasonably be expected to produce the symptom alleged. 20 C.F.R. §§ 404.1529(a)-(b) and 416.929(a)-(b); *see Craig v. Chater*, 76 F.3d 585, 591 (4th Cir. 1996); *Foster v. Heckler*, 780 F.2d 1125, 1129 (4th Cir. 1986). In making a determination of a claimant's credibility, or of a claimant's work-related capacity, decisions committed to the administrative fact finder, the Law Judge regulatorily is required to give controlling weight to the evidence offered by treating sources unless there is substantial evidence to the contrary. 20 C.F.R. §§ 404.1527(d) and 416.927(d). Should the Law Judge elect not to give controlling weight to treating source evidence and rely upon evidence from the non-treating or non-examining state agency consultants, the Law Judge must provide an explanation and give the reasons for doing so. 20 C.F.R. §§ 404.1527(f)(ii) and 416.927(f)(ii).

The undersigned agrees with the Commissioner that the Law Judge's determination about plaintiff's RFC is supported by the substantial evidence. The report of the plaintiff's own treating physician provides a basis upon which the Law Judge could have concluded that plaintiff possessed the capacity for light work. There also was state agency medical review evidence which was consistent with the treating doctor's observations.

The issue most crucial to the undersigned relates to the testimony of the VE who

Case 4:05-cv-00051-JLK-BWC    Document 20    Filed 05/10/06    Page 5 of 6    Pageid#: 99

testified that if plaintiff's testimony was credited, the VE was "not sure [plaintiff] could sustain [her past relevant work] for 40 hours a week." (R. 278.) Of course, the Law Judge did not fully credit plaintiff's evidence, and the undersigned believes that decision is supported by substantial evidence cited by the Commissioner, though the undersigned likely would have not decided it that way had the court been the trier of fact.

In the end, the undersigned finds that the Commissioner's final decision is supported by substantial evidence. Accordingly, it is RECOMMENDED that an order enter AFFIRMING the Commissioner's final decision, GRANTING the defendant's motion for summary judgment and DISMISSING this action from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C.A. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk also is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

5/10/06
Date